FILED
United States Court of Appeals
Tenth Circuit

April 29, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

MICHAEL REYNOLDS,

    Movant.

No. 08-1069
(D.C. No. 08-CV-00301-BNB)
(D. Colo.)

---

ORDER

---

Before **O'BRIEN**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

---

Movant Michael Reynolds, a Colorado state prisoner proceeding pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition, seeking to challenge his 2004 guilty plea to two counts of sexual assault on a child and one count of contributing to the delinquency of a minor. We deny authorization.

Reynolds did not file a direct appeal from his conviction. He filed his first § 2254 petition in 2007, which was dismissed by the district court as time-barred by the one-year statute of limitations.[1] *Reynolds v. Colorado*, No. 07-cv-01321

---

[1] Reynolds originally filed his motion captioned as a Federal Rule of Civil Procedure 60(b) motion, but the district court directed him to refile it as a § 2254 petition if he wished to pursue his claims, which Reynolds did. Because the district court did not recharacterize Reynolds' motion, we conclude it was not

(continued...)

(D. Colo. Aug. 23, 2007) (unpublished order). He did not appeal. In February 2008, Reynolds filed a second § 2254 petition in district court challenging his conviction.[2] Authorization from the appropriate circuit court of appeals is required before a state prisoner may file a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3). The district court transferred the matter to this court pursuant to 28 U.S.C. § 1631, to give Reynolds an opportunity to seek such authorization.

In his motion for authorization, Reynolds seeks to present exactly the same claims he raised in his first § 2254 petition, namely, that the state court lacked subject matter jurisdiction over his criminal case because the statute under which he was convicted lacked an enacting clause; therefore, he was convicted under an invalid law and deprived of due process. Indeed, Reynolds simply restates the same claims and references the same memorandum of law.

We may not authorize a claim presented in a prior § 2254 application. A circuit court "may authorize the filing of the second or successive application only if it presents a claim not previously raised [and] satisfies one of the two

---

[1](...continued)
obligated to give Reynolds the warnings required by *Castro v. United States*, 540 U.S. 375, 382-83 (2003).

[2] Reynolds initially filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, but the district court ruled the claims presented therein could only properly be raised in a § 2254 petition, and it directed Reynolds to refile his claims in a § 2254 petition if he wished to pursue them, which Reynolds did.

-2-

grounds articulated in [28 U.S.C. §] 2244(b)(2)." *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007); *see also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

Accordingly, we DENY Reynolds authorization to file a second or successive § 2254 petition. This denial of authorization is not appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

                                                   Entered for the Court

                                                   ELISABETH A. SHUMAKER, Clerk